UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-00106-VMC-AAS

JAVARIOUS BRINSON
Defendant.
_____________________________/

**DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTION TO THE AMENDED CAREER-OFFENDER DESIGNATION**

COMES NOW Javarious Brinson by and through undersigned counsel and hereby objects to paragraphs 38 and 78 of the October 22, 2026, amended Presentence Investigation Report and to the resulting offense level and imprisonment range in paragraphs 41 and 117. The amendment invokes a second predicate conviction that, according to the report itself, was not sustained until after the July 25, 2024 federal offenses. This is a failure to satisfy the temporal requirement of the career-offender guideline, not merely a request for leniency within an enhanced range.

The Court should sustain the objection, remove the career-offender designation, and calculate the advisory range without § 4B1.1. Assuming the remaining drug computation and category VI are sustained after resolution of all objections, the non-career-offender calculation is offense level 23 and 92–115

months on Counts Two and Three, with a separate consecutive term of at least 60 months on Count Four. Defendant requests the low end of the correctly calculated range on the drug counts and the statutory minimum on Count Four. Alternatively, he requests an individualized downward variance toward the non-career-offender benchmark, subject to all statutory minimums.

## I. THE AMENDMENT AND THE CONTROLLING CHRONOLOGY

The initial PSR calculated a total offense level of 23 and category VI, yielding 92–115 months on the drug counts, followed by the consecutive firearm sentence. Initial PSR ¶¶38–41, 77, 116. The amended report increases the offense level to 34 before acceptance and 31 afterward, identifying domestic battery by strangulation in No. 22CF11172 and aggravated assault in No. 25CF2521 as the predicates. Amended PSR ¶¶38–41. It reports category VI both from 15 criminal-history points and from the career-offender designation. Id. ¶¶75–78.

| Event | Date stated in amended PSR | Reference |
|---|---|---|
| Strangulation guilty plea and adjudication | October 4, 2023 | ¶70 |
| Federal conspiracy and possession offenses | July 25, 2024 | ¶¶4–6, 14 |
| Aggravated-assault conduct | January 18, 2025 | ¶72 |

| | | |
|---|---|---|
| Strangulation probation revocation | June 1, 2025<br>*Note the plea and sentencing were on August 1, 2025 | ¶70 |
| Aggravated-assault plea and adjudication | August 1, 2025 | ¶72 |

The report's reference to the June 2025[1] revocation sentence does not erase the October 2023 strangulation conviction. Defendant therefore does not argue that both identified predicates postdate the federal offenses. The decisive defect is that the aggravated-assault conviction—and even its underlying conduct—postdates those offenses. The amended report describes a conspiracy continuing through July 25, 2024, not through August 2025.

## II. THE AUGUST 2025 CONVICTION CANNOT SUPPLY THE REQUIRED SECOND PRIOR CONVICTION

Section 4B1.1(a) requires at least two qualifying prior felony convictions. Section 4B1.2(c) requires commission of the instant offense subsequent to sustaining the qualifying convictions and separately countable sentences. The date sustained is when guilt was established, whether by guilty plea, trial, or nolo contendere. The comparison is therefore not simply between the state sentencing dates and the eventual federal sentencing date. See U.S.S.G. §§4B1.1(a), 4B1.2(c) (2026).

[1] The plea and sentencing were on August 1, 2025.

On the amended PSR's own chronology, guilt in No. 25CF2521 was established on August 1, 2025. The instant offenses occurred on or ended by July 25, 2024. The later conviction cannot be a conviction sustained before these federal offenses. A later conviction's possible inclusion in ordinary criminal-history scoring does not establish the different temporal requirement imposed by § 4B1.2(c). Nor can the report's inclusion of March 2025 drug activity as alleged relevant conduct, without more, establish that the July 2024 offenses of conviction were committed after an August 2025 adjudication.

The Defendant recognizes the adverse authority concerning the other predicate. Florida domestic battery by strangulation qualifies as a crime of violence under the elements clause. United States v. Dixon, 874 F.3d 678 (11th Cir. 2017). Dixon does not cure the missing second prior conviction. The Court can assume that the October 2023 strangulation conviction qualifies and still sustain the present objection. Likewise, the Court need not decide whether the 2025 aggravated assault categorically qualifies: even an otherwise qualifying offense must satisfy the guideline's prior-conviction requirement.

The possession convictions in No. 22CF10288 are described as possession of methamphetamine, amphetamine, and cocaine, not possession with intent to distribute. Amended PSR ¶69. They should not be treated as trafficking predicates solely because they are drug felonies. The later fentanyl-sale case likewise reflects

an August 2025 plea. Id. ¶73. If the government proposes a different predicate, Defendant requests identification of the precise offense, statute, conviction date, separately countable sentence, and supporting conviction records, together with a reasonable opportunity to respond. Defendant does not concede the qualification of any unidentified substitute predicate.

## III. THE COURT SHOULD CORRECT THE RANGE BEFORE SELECTING THE SENTENCE

Deleting the eight-level career-offender increase restores the report's otherwise stated adjusted offense level of 26 and total level of 23 after three acceptance levels. Amended PSR ¶¶37–41. Because paragraph 77 independently places Defendant in category VI, removal of career-offender status does not itself reduce the criminal-history category. Subject to the separate drug and criminal-history objections, the resulting drug-count range is 92–115 months. Adding the minimum 60-month consecutive firearm term produces an aggregate benchmark of 152–175 months.

## IV. ALTERNATIVELY, AN INDIVIDUALIZED SENTENCE SHOULD NOT REPLICATE AN UNWARRANTED CAREER-OFFENDER PREMIUM

The Court must select a sentence sufficient, but not greater than necessary, considering the offense, the defendant's history and characteristics, deterrence,

public protection, treatment needs, and the applicable advisory range. 18 U.S.C. §3553(a).

The conduct is serious: Defendant pleaded guilty to drug trafficking and possession of a firearm in furtherance of that trafficking. The defense does not minimize those admissions. But the career-offender label cannot substitute for the actual sequence of convictions and offenses. Category VI already reflects substantial criminal history, and Count Four requires a separate consecutive punishment. The Court should evaluate the total punishment rather than assume that an additional career-offender premium is necessary.

The facts and circumstances in the instant case favor a sentence less than the codefendant. The codefendant was the driver of the vehicle that fled the police and crashed the vehicle. Mr. Brinson was merely a passenger in the vehicle and did not have any ownership or connection to the vehicle other than his presence. The various narcotics and firearms found in the vehicle were tangentially attributed to Mr. Brinson through DNA on the slide of a firearm. While Mr. Brinson admitted to being involved in the criminal conspiracy, his involvement was far less than his codefendant.

The amended PSR also identifies limited education, absence of employment history, and substance use as factors supporting consideration of a below-guideline sentence. Amended PSR ¶135. It reports no disciplinary infractions during the

current state imprisonment and a houseman assignment. Id. ¶69, incorporated by ¶¶70, 72–74.

Defendant requests the low end of the correctly calculated drug-count range and 60 months on Count Four. If the Court retains career-offender status, Defendant requests a variance toward the otherwise-applicable non-career-offender benchmark, after resolving the remaining objections and considering the combined custodial consequences. No request is made here to disregard a statutory minimum or to guarantee federal custody credit or concurrency with the state sentences.

## V. THE COURT SHOULD ORDER THE SENTENCES ON COUNTS TWO AND THREE TO RUN CONCURRENTLY WITH THE REMAINDER OF MR. BRINSON'S UNDISCHARGED STATE SENTENCES, OR, ALTERNATIVELY, PARTIALLY CONCURRENTLY

Mr. Brinson was sentenced on the state charges on August 1, 2025. The state disposition includes a seven-year term with a three-year mandatory minimum for conduct arising from the March 20, 2025, vehicle search. He respectfully requests that the terms of imprisonment imposed on Counts Two and Three run concurrently with each other and with the remainder of his undischarged Florida state sentences. Alternatively, he requests partial concurrency sufficient to produce a reasonable aggregate punishment. This request concerns the non-§ 924(c) terms only; it does not seek concurrent service of the mandatory consecutive sentence on Count Four.

On August 1, 2025, the Defendant received concurrent sentences in five separate felony cases. The controlling sentence consisted of seven years in the Florida Department of Corrections for Felon in Possession of a Firearm and Sale of Fentanyl. The firearm conviction carried a three-year minimum mandatory term. Concurrent five-year sentences were imposed for Aggravated Assault and for violations of probation in Cases 22-10288-CF and 22-11172-CF. The Defendant received credit for time served ranging from 134 to 424 days, depending on the case.

| CASE NO. | 25-02520-CF |
|---|---|
| OFFENSE | Felon in Possession of a Firearm |
| STATUTE | § 790.23(1), Fla. Stat. |
| DEGREE | Second-Degree Felony |
| SENTENCE DATE | August 1, 2025 |
| DISPOSITION | Incarceration |
| SENTENCE | 7 Years Florida Department of Corrections |
| MINIMUM MANDATORY | 3 Years |
| JAIL CREDIT | 134 Days |
| SENTENCE STRUCTURE | Concurrent |
| SPECIAL FINDINGS | Statutory Firearm Offense; Sentenced Under Guidelines |
| FINANCIAL OBLIGATIONS | Court costs, prosecution costs, investigation costs, and public defender lien imposed. |

| CASE NO. | 25-02521-CF |
|---|---|
| OFFENSE | Aggravated Assault |

| | |
|---|---|
| STATUTE | § 784.021(1)(a), Fla. Stat. |
| DEGREE | Third-Degree Felony |
| SENTENCE DATE | August 1, 2025 |
| DISPOSITION | Incarceration |
| SENTENCE | 60 Months (5 Years) Florida Department of Corrections |
| JAIL CREDIT | 135 Days |
| SENTENCE STRUCTURE | Concurrent |
| FINANCIAL OBLIGATIONS | Crime Prevention Fund, Rape Crisis Trust Fund, Domestic Violence Trust Fund assessments and related court costs. |

| CASE NO. | 25-02540-CF |
|---|---|
| OFFENSE | Sale of Fentanyl |
| STATUTE | § 893.13(1)(a)1, Fla. Stat. |
| DEGREE | Second-Degree Felony |
| SENTENCE DATE | August 1, 2025 |
| DISPOSITION | Incarceration |
| SENTENCE | 7 Years Florida Department of Corrections |
| JAIL CREDIT | 134 Days |
| SENTENCE STRUCTURE | Concurrent |
| ADDITIONAL SANCTION | Driver License Revocation (6 Months) |
| SPECIAL FINDING | Sentenced Under Florida Sentencing Guidelines |
| FINANCIAL OBLIGATIONS | Court costs, prosecution costs, State Operating Trust Fund assessment, investigative costs, and public defender lien. |

| CASE NO. | 22-11172-CF |
|---|---|
| OFFENSE | Domestic Battery by Strangulation |
| STATUTE | § 784.041(2), Fla. Stat. |
| DEGREE | Third-Degree Felony |
| SENTENCE DATE | August 1, 2025 |
| DISPOSITION | Violation of Probation Sentence |
| SENTENCE | 5 Years Incarceration |
| JAIL CREDIT | 424 Days |
| SENTENCE STRUCTURE | Concurrent |
| SPECIAL FINDINGS | • Probation Revoked<br>• Prison Releasee Reoffender (PRR) Sentence<br>• Five-Year Mandatory Term |
| FINANCIAL OBLIGATIONS | Outstanding monetary obligations imposed as liens, prosecution costs, and public defender lien. |

| CASE NO. | 22-10288-CF |
|---|---|
| OFFENSE | Possession of Methamphetamine |
| STATUTE | § 893.13(6)(a), Fla. Stat. |
| DEGREE | Third-Degree Felony |
| SENTENCE DATE | August 1, 2025 |
| DISPOSITION | Violation of Probation Sentence |
| SENTENCE | 60 Months (5 Years) Incarceration |
| JAIL CREDIT | 424 Days |
| SENTENCE STRUCTURE | Concurrent |
| SPECIAL FINDINGS | Probation Revoked; Sentenced Under Guidelines |
| FINANCIAL OBLIGATIONS | Outstanding monetary obligations imposed as liens, prosecution costs, and public defender lien. |

**A. SECTION 3584 AUTHORIZES CONCURRENCY NOTWITHSTANDING THE LATER DATE OF THE STATE CONDUCT.**

Under 18 U.S.C. § 3584(a), a court imposing a term of imprisonment on a defendant already subject to an undischarged term may order concurrent or consecutive service. Although terms imposed at different times run consecutively absent a contrary order, the statute expressly permits the Court to order concurrency. Section 3584(b) requires consideration of the factors in § 3553(a). Nothing in § 3584 conditions that authority on the state offense having preceded the federal offense. The fact that state criminal conduct occurred after the federal offense therefore does not, standing alone, require a consecutive federal sentence. 18 U.S.C. § 3584(a)–(b).

The Supreme Court has recognized the traditional discretion of federal sentencing judges to determine whether their sentences run concurrently with or consecutively to sentences imposed in other proceedings, including state proceedings. Setser upheld that discretion even with respect to an anticipated state sentence that had not yet been imposed. The present request invokes the more direct statutory circumstance: sentencing a defendant who is already subject to an undischarged state term. Setser establishes the Court's authority to structure the sentences; Mr. Brinson asks the Court to exercise that authority through an individualized assessment of the total punishment. Setser v. United States, 566 U.S. 231 (2012).

**B. THE MARCH 20, 2025, RELEVANT CONDUCT SUPPORTS APPLICATION OF § 5G1.3(B); SUBSECTION (D) PROVIDES AN ALTERNATIVE.**

The amended PSR does not merely mention the subsequent arrest as background. Paragraph 19 describes the drugs recovered from Mr. Brinson's vehicle on March 20, 2025. Paragraph 21 attributes the combined drug quantities to him, and paragraph 31 uses those quantities in the Chapter Two calculation, assigning a base offense level of 26 based on 544.11 kilograms of converted drug weight. The March 2025 drugs thus form part of the offense conduct used to calculate the federal sentence. Amended PSR ¶¶ 19, 21, 31. Paragraph 74 identifies state case 25CF2520 as arising from the same vehicle search and describes the seven-year terms and three-year mandatory minimums. Amended PSR ¶ 74.

That overlap requires consideration of § 5G1.3(b), not simply an assumption that every undischarged state sentence falls under subsection (d). Where subsection (a) does not apply and the undischarged term resulted from another offense constituting relevant conduct under § 1B1.3(a)(1), (2), or (3), subsection (b) directs concurrency with the remainder of that term and an adjustment for qualifying imprisonment already served that the Bureau of Prisons will not credit to the federal sentence. Mr. Brinson requests an express finding identifying the state offenses that satisfy those requirements and application of subsection (b) in determining the advisory sentence. U.S.S.G. § 5G1.3(b)

The later date of the state conduct does not categorically defeat this request. For qualifying drug offenses, § 1B1.3(a)(2) encompasses acts forming part of the same course of conduct or common scheme or plan as the offense of conviction. Here, the PSR's aggregation of the March 2025 drugs into the federal quantity calculation provides concrete support for that relationship. Mr. Brinson asks the Court to apply that relevant-conduct treatment consistently when determining the interaction between the federal and state sentences. U.S.S.G. § 1B1.3(a)(2)

The PSR's subsequent use of a career-offender offense level does not, standing alone, eliminate this argument. The current text of § 5G1.3(b) asks whether the state offense constitutes relevant conduct under the specified provisions; it does not separately require that the state conduct increase the ultimate offense level. The Court should therefore resolve the relevant-conduct issue notwithstanding the Chapter Four calculation. Amended PSR ¶¶ 31, 38–41. U.S.S.G. § 5G1.3(b)

The requested finding must be offense specific. Paragraph 74's charge list and its narrative description of the state information do not consistently identify the same offenses by count number. Accordingly, Mr. Brinson requests that the Court determine the offenses underlying the undischarged terms from the operative state information and judgment and distinguish the state drug terms attributable to the drugs included federally from any separate firearm or unrelated terms. Where all conduct underlying a particular state offense qualifies, subsection (b) supplies the

advisory treatment; where only part qualifies, subsection (d) provides the alternative framework. Amended PSR ¶ 74. U.S.S.G. § 5G1.3 cmt. n.2(A)

The amended PSR recognizes in paragraph 118 that § 5G1.3(d) permits concurrent, partially concurrent, or consecutive service to achieve reasonable punishment. That policy statement supplies a discretionary framework rather than a categorical requirement of a consecutive sentence. Section 5G1.3(a), by contrast, addresses a federal offense committed while serving another prison term, or after sentencing for that term but before beginning service. The mere fact that a state offense occurred after the federal offense does not establish the conditions of subsection (a). U.S.S.G. § 5G1.3(a), (d).

In exercising its discretion under subsection (d), the Court should consider the length and type of the state terms, the time already served, the time likely remaining before release, and the other circumstances bearing on reasonable incremental punishment. The commentary also expressly recognizes partial concurrency and flexible treatment of complex cases involving multiple undischarged terms. To the extent a state term resulted from revocation of probation, parole, or supervised release, the commentary recommends consecutive service. Mr. Brinson acknowledges that recommendation but requests an individualized exercise of discretion under subsection (d), rather than treatment of the recommendation as a statutory prohibition against concurrency. U.S.S.G. § 5G1.3 cmt. n.4(A)–(D).

**C. ELEVENTH CIRCUIT AUTHORITY SUPPORTS AN INDIVIDUALIZED DECISION, NOT AN AUTOMATIC CONSECUTIVE TERM.**

In United States v. Fuentes, the Eleventh Circuit expressly recognized the authority conferred by § 3584 to impose a federal sentence concurrently with undischarged state sentences. It vacated a consecutive sentence where the state conduct should have been treated as relevant conduct under the then-applicable § 5G1.3(b). Fuentes does not require concurrency for unrelated offenses, and its older Guidelines formulation must be read considering the current text. It nevertheless underscores the importance of correctly identifying the relationship between the state and federal conduct before deciding how the sentences should interact. If the requirements of current § 5G1.3(b) are satisfied, Mr. Brinson requests its application, including concurrency with the remaining state term and any qualifying adjustment for imprisonment already served. If they are not, subsection (d) independently permits the requested discretionary relief. United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997).

Mr. Brinson does not contend that § 5G1.3(b) creates an absolute entitlement to a concurrent final sentence. In United States v. Henry, the Eleventh Circuit held that the Court must consider and correctly apply § 5G1.3(b) in determining the advisory Guidelines recommendation, but, because the Guidelines are advisory, retains discretion to impose a different final sentence after considering § 3553(a).

The Court should first identify the applicable guideline and its effect, rather than bypass subsection (b) because the Guidelines are advisory. Mr. Brinson then requests that the Court follow that recommendation because the same drug conduct has already been included in the federal calculation. United States v. Henry, 1 F.4th 1315 (11th Cir. 2021).

The unpublished decision in United States v. Tucker expressly applies Henry to subsection (b)'s concurrency language. Thus, the relevant-conduct showing supplies a stronger advisory basis for relief. Mr. Brinson preserves his request that the Court accurately determine subsection (b)'s applicability and, if it elects a different final sentence, explain that decision under § 3553(a). United States v. Tucker, No. 24-11566 (11th Cir. Mar. 24, 2025) (unpublished).

The more recent, unpublished decision in United States v. Pablo-Fabin likewise recognizes that § 5G1.3(d) permits concurrent, partially concurrent, or consecutive service for an unrelated undischarged state sentence. Although the court affirmed a consecutive sentence, its conclusion rested on the particular § 3553(a) assessment, including the defendant's prior illegal-entry conviction and serious state offenses. It did not hold that unrelated state conduct categorically forecloses concurrency. As persuasive authority, Pablo-Fabin confirms the available sentencing options while illustrating the need to explain why the aggregate

punishment is sufficient. United States v. Pablo-Fabin, No. 25-10814 (11th Cir. May 1, 2026) (unpublished).

**D. THE COURT SHOULD ASSESS THE COMBINED PUNISHMENT AND PRESERVE THE REQUIRED CONSECUTIVE FIREARM TERM.**

The question is not whether the state and federal offenses deserve punishment; both sovereigns' judgments remain operative. The question is whether fully stacking the non-firearm federal terms on top of the undischarged state terms is necessary to achieve the purposes of sentencing. Mr. Brinson submits that concurrent service of Counts Two and Three, together with the separate mandatory consecutive firearm term, can provide meaningful federal punishment without requiring every component of the aggregate sentence to be consecutive. The Court should weigh the state punishment already imposed and remaining to be served together with the mitigation presented elsewhere in this memorandum.

The limitation is clear: no term imposed under § 924(c) may run concurrently with another term of imprisonment. Mr. Brinson therefore expressly excludes Count Four from this request. The mandatory consecutive term preserves a distinct federal punishment even if the Court orders the non-§ 924(c) terms to overlap with the remaining state imprisonment. 18 U.S.C. § 924(c)(1)(D)(ii).

Accordingly, Mr. Brinson first requests application of § 5G1.3(b) to each qualifying undischarged state term arising from the March 20, 2025, conduct,

including concurrency with its remainder and an adjustment for qualifying imprisonment already served that will not be credited by the Bureau of Prisons. The judgment should identify the qualifying state case and offense, the amount of any adjustment, and its legal basis. Independently and alternatively under § 5G1.3(d), Mr. Brinson respectfully requests that the Court order the sentences on Counts Two and Three to run concurrently with each other and with the remainder of his undischarged Florida state sentences.

## VI. PROCEDURAL REQUESTS AND ACCURACY OF THE FINAL REPORT

The defense also requests correction of the dismissal-count inconsistency identified in amended PSR paragraph 11 and footnote 2. The signed agreement promises dismissal of the remaining counts against Defendant but identifies Counts One and Five, while the PSR states those counts name only Rainey and identifies Count Six as Brinson's remaining count. The government should clarify the agreement and obtain disposition of the actual remaining count; the PSR footnote alone is not a dismissal order.

## CONCLUSION

Defendant respectfully requests that the Court sustain the objection to amended PSR paragraphs 38 and 78; remove the career-offender designation and resulting offense-level increase; recalculate paragraphs 41 and 117 after resolving

the remaining objections; impose a sentence at the low end of the corrected drug-count range and the statutory minimum consecutive term on Count Four; alternatively impose an individualized downward variance as set out above; and ensure that its determinations accompany the final PSR.

Respectfully submitted,
/s/ Serbo C. Simeoni

Serbo C. Simeoni

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing Motion to Continue Sentencing has been furnished by Electronic Filing to the Clerk of the Court, U.S. District Court, Middle District of Florida, and that e-mail notification of this filing will be sent to all interested persons on November 9, 2026.

/s/ Serbo C. Simeoni
Serbo C. Simeoni, Esq.
1700 N. McMullen Booth Rd.
Suite A-7
Clearwater, FL 33759
Phone: (727) 799-3506
Fax: (727) 202-5014
E-Mail: pinellaslawyer@gmail.com
Counsel for Defendant Raymond Grant